IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY MAURICE JORDAN,

    Plaintiff,

v.                            Civil Action No. 3:11CV193

INMATE HEARING OFFICER RODRIGUEZ,

    Defendant.

**MEMORANDUM OPINION**

Anthony Maurice Jordan, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

# I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v.

2

Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On March 4, 2010, a correctional officer discovered a lighter in the cell Jordan shared with Jerome Adkinson. (Compl. 5-6.)[2] Adkinson admitted to the prison staff that he owned the lighter. (Id. at 6.) Nevertheless, later that day Sergeant Pennington served Jordan with a disciplinary charge for possession of the lighter. (Id. at 7.)

Prison officials set the disciplinary charge for a hearing on March 15, 2010. (Id.) Prior to the commencement of the hearing, Jordan and Adkinson told the hearing officer, Ms. Rodriquez, that the lighter

---

[2] The Court employs the pagination assigned to the Complaint by the Court's CM/ECF docketing system.

3

belonged to Adkinson. (Id. at 7-8.) Thereafter, Ms. Rodriquez informed Jordan and Adkinson that, if Adkinson accepted the charge and penalty offer regarding the possession of the lighter, she would dismiss the charge against Jordan. (Id. at 8.) That same day, Adkinson "accepted the penalty offer" with respect to the charge of possessing the lighter. (Id. (capitalization corrected).) Ms. Rodriguez rescheduled Jordan's disciplinary hearing to March 22, 2010. (Id.)

"On March 22, 2010, plaintiff appeared at the hearing. Plaintiff had assumed the hearing was being conducted as a prelude to the dismissal of his charge . . . ." (Id.) Nevertheless, Ms. Rodriquez refused to consider the putative agreement she had reached with Jordan on March 15, 2010, conducted a disciplinary hearing, and found Jordan guilty of an institutional infraction for possessing a lighter. (Id. at 9-10.) As a result of this infraction, Ms. Rodriguez "issued a penalty of a $4 fine to be paid from Plaintiff's Inmate Account, which he did pay." (Id. at 10.)

Jordan raises the following claims:

> Plaintiff claims that Ms. Rodriguez (defendant) did deprive him of his due process right under the 14th Amendment[3] to the United States Constitution during a prison disciplinary hearing when she:
> a.) Intentionally deceived plaintiff into thinking that she was going to dismiss his disciplinary charge;
> b.) Denied plaintiff his right to present evidence at his disciplinary hearing;
> c.) Denied plaintiff his right to prepare for a defense;
> d.) Convicted plaintiff of a disciplinary infraction without any evidence;

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

>           e.)     The taking of plaintiff's property
>                   without due process.

(Id. at 5.)

### Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Jordan fails to indicate that Defendant Rodriguez's actions resulted in the deprivation of any liberty interest. Rather, Jordan claims Defendant Rodriguez deprived him of property, in the form of a $4.00 fine, without due process of law.

Jordan's due process claim for the deprivation of property is foreclosed by Virginia's provision of adequate post-deprivation remedies. See Wilson v. Molby, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012); Henderson v. Virginia, No. 7:07-cv-00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding that due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. Va. Code Ann. § 8.01-195.3 (West

5

2013).[4] The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirement of a meaningful post-deprivation process, Jordan cannot state a claim for the loss of his property under the Fourteenth Amendment. See Wilson, 2012 WL 1895793, at *6-7; Henderson, 2008 WL 204480, at *10 n.7. Accordingly, it is RECOMMENDED that Jordan's due process claims and the action be DISMISSED.

(May 6, 2013 Report and Recommendation (alterations and omissions in original).) The Court advised Jordan that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Jordan moved to amend and filed an amended complaint. The Motion to Amend (ECF No. 23) will be granted.

## II. JORDAN'S AMENDED COMPLAINT

In the Amended Complaint, Jordan merely provides slightly more factual detail to the allegations of his Original Complaint. To the extent that Jordan asserts that Rodriguez deprived him of property without due process of law, the

---

[4] "[T]he Commonwealth shall be liable for claims for money. . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . ." Va. Code Ann. § 8.01-195.3 (West 2013).

6

Magistrate Judge's analysis applies with equal force to the Amended Complaint.

Moreover, Jordan fails to identify any protected liberty interest that was implicated by Rodriguez's actions. To demonstrate the existence of a state-created liberty interest, a plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his [or her] sentence." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995); see Puranda v. Johnson, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases). Jordan makes no such showing. Accordingly, the analysis of the Report and Recommendation will be ACCEPTED and ADOPTED. The action will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of this Memorandum Opinion to Jordan.

Date: September 3, 2013  /s/ REP
Richmond, Virginia  Robert E. Payne
Senior United States District Judge